THOMAS T. M. DOOGAN *vs.* JOHN S. TYSON, *et al.*— *December*, 1834.

The object of the replevin bond is the indemnity of the defendant in replevin, and all questions arising upon it should be determined by a due regard to that consideration,

The plaintiff in a replevin bond binds himself to prosecute his suit with effect, and in case the property is adjudged to be restored to the defendant, he is bound to do so or his bond is forfeited. In consequence of the property being restored to him by virtue of the writ of replevin, he assumes upon himself by his bond this legal responsibility.

Whether the plea of general performance in an action upon a replevin bond be a correct plea or not, if incorrect, it can only be objected to upon demurrer.

The plea of general performance where correctly pleaded renders it necessary for the plaintiff to show his cause of action in his replication, and to state the breaches of the condition of the bond upon which he expected to rely.

In an action upon a replevin bond, the defendant pleaded general performance ; the plaintiff replied, after setting out the proceedings in the replevin and the judgment for a return, that the defendant had not made a return of the said goods, or any of them, and did not prosecute his suit with effect. The defendant rejoined, that the goods, &c. mentioned in the replication were not replevied and delivered to him under the writ of replevin in the replication

mentioned, and that he did prosecute his suit with effect. To this rejoinder the plaintiff demurred specially—for duplicity—departure—and that the issue tendered by the rejoinder of the non-delivery of the goods under the writ of replevin was an immaterial one. HELD, that as the double response in the defendant's rejoinder was only an answer to the breaches assigned in the plaintiff's application, the objection for duplicity could not be sustained; but that the fact of the non-replevy and delivery of the goods under the original writ was so alleged in the rejoinder in this cause as not to be decisive of the right of action, as a part and not the whole might have been replevied and delivered; and therefore the issue was immaterial and the rejoinder bad.

APPEAL from *Baltimore* county court.

This was an action of *Debt,* instituted by the appellant against the appellee, *Tyson,* and others, as his sureties, on a replevin bond, in the penalty of $2,000, dated March 31st, 1827.

The pleadings were stated by the Judge, by whom the opinion of this court was delivered, as follows:

This action was instituted in *Baltimore* county court, upon a replevin bond. The defendants pleaded performance generally. To this plea, the plaintiff, after setting out in his replication the proceedings in the action of replevin, and the judgment of the court for a return of the goods and chattels in said suit specified, pleaded that the defendant had not made a return of the said goods and chattels, or any of them, and that he did not prosecute his writ of replevin with effect. To this replication the defendants rejoined, that the goods and chattels mentioned in the replication were not replevied, and delivered to him under or by virtue of the writ of replevin in the replication mentioned ; and that he did prosecute his writ of replevin with effect. To this rejoinder the plaintiff demurred, specially for duplicity and other causes therein specified, and the defendants joined in demurrer.

A judgment having been rendered for the defendants on the plaintiff's demurrer to their rejoinder, the plaintiff appealed to this court.

The cause came on to be argued before BUCHANAN, Ch. J., and MARTIN, STEPHEN, ARCHER and DORSEY, J's.

*Lloyd* for the appellant, contended.

1. The rejoinder is bad for duplicity, because it contains two separate and distinct answers, and offers two distinct issues to the replication. The object of pleading is to bring the controversy to a single point, and though under the statute of *Anne,* several pleas may be pleaded, the same plea must not present two distinct issues. *Stephen Pl.* 155, 264, 265, 267, 294. Neither is it competent to a party to tender too broad an issue so as to blend other obligations with the single one, constituting the defence. *Ib.* 259, 260. If an answer to a plea contains any other fact, in addition to what constitutes of itself a sufficient answer, it is double. *Stephen,* 269, 270. *Owings and Karthaus,* 6 *H. and J.* 134. 2 *Gill and Johns.* 430. Neither should a plea be argumentative. *Stephen,* 384, 385. 2 *Gill and Johns.* 430.

The rejoinder here does not meet the allegations of the replication, that the goods had not been returned, by a positive denial of the fact; but it says that they were not replevied, which, though good as an argument, is bad as a plea. The plea that he did prosecute with effect, admitted the replevying, and he could not afterwards deny it.

2. The rejoinder is a departure from the plea. The plea avers a general performance of the condition of the bond, while the rejoinder, by traversing the replevying and delivering of the goods, confesses the breach of the bond, and sets up matter in avoidance. This defect is fatal on general demurrer. 1 *Saund.* 84, (*D.*) 1 *Chitty Pl.* 619, 620, 621. 3 *Gill and Johns.* 75. The plea is performance, and the rejoinder is merely an excuse for the non-performance, which is a departure. 6 *Com. Dig.* 150. *Letter F.* (7.) 3 *Gill and Johns.* 75.

3. The plea of general performance is bad. It is uncertain and repugnant. It avers in substance, that the defendant prosecuted the writ of replevin with effect, that is, successfully; and at the same time that he made a return of the goods; which is directly inconsistent and contradictory. If he prosecuted with effect he was not bound to return the

goods, and therefore both could not be done. This plea cannot be cured by rejecting any part as surplusage. *Stephen*, 369, 378. To show that general performance to an action on a replevin bond is not good, he cited 1. *Wills*, 5. 6 *Bac. Abr.* 59, *Replevin and Avowry, letter* (*D.*)

*Johnson* and *Williams* for the appellees.

1. The objection to the rejoinder is not that the answers to the replication are not relevant and sufficient, but that they are united in the same plea. Now, the rejoinder merely answers the replication, and if there is duplicity in the former, there is also in the latter, and upon the demurrer; you go up to the first fault. 1 *H. and G.* 471. And although the defendant may have demurred to the replication, he was not bound to do so; and if he rejoined, it was necessary that he should answer all the material parts of the replication. 1 *Chitty Pl.* 513.

The replication alleged that the defendant had not returned the goods, &c.; and also, that he had not prosecuted with effect; and as the denial of the first would be no answer to the latter, he was compelled to meet both allegations. If the defendants had merely averred the return of the goods replevied, it would not have been a full defence. An action might still have been maintained on the bond for damages, for taking and detaining the property replevied.

2. The rejoinder is not a departure from the plea. A departure is an abandonment of the last antecedent plea. *Stephen*, 405, 409, 410—and *appendix* 78, *note* 74.

In this case the plea was performance; which means that the party had done that, which by his bond, he was under a legal obligation to do. The bond does not recite that the party has the goods; on the contrary, it says, " *he is about to take them,* and if he does not take them, he can be under no obligation to return them. The obligation to prosecute with effect does not involve the obligation to return the goods. There is a difference between a replevin and an appeal bond ;—the one supersedes the judgment as soon as

it is filed, whilst the other can inflict no injury, unless subsequent proceedings are had upon it. The plea of performance, therefore, is not departed from, by a rejoinder alleging that the goods were not replevied and delivered; because, if such was the case, the party could be under no obligation to return them. *Stephen*, 409, 410. The plea of performance is the same as the plea of *non damnificatus*.

If to a replication such as this, the opposite party is compelled to rejoin that he did return; then he must prove a return, whether in fact he took the goods or not, as the taking would be admitted by the rejoinder.

3. If the plea of general performance is bad, it is only so on special demurrer, upon the ground of duplicity. 3 *Chitty Pl.* 513; and being only objectionable in that way, the replying to it waives the objection. *Stephen*, 163. The plea, however, is good, even on special demurrer. The bond is not like an appeal bond, which binds the party to reverse the judgment or pay the debt, &c. An averment, therefore, that the judgment had been reversed or the debt paid, would be an answer to an action on an appeal bond; for the doing of either pre-supposes the not doing of the other. But such is not the case with a replevin bond, the condition of which is, that he shall prosecute with effect, and *return, &c.* Both, therefore, must be done; because a return of the goods, if the judgment was against the plaintiff, would not discharge him from his liability for taking and keeping them.

*Lloyd* in reply.

It is said that there is duplicity in the replication, if there is in the rejoinder; and that on the demurrer the court will ascend to the first fault. The answer to this is, that by rejoining, the defendant has waived the objection, even if it were admitted to exist, which however is denied. 3 *Maul. and Selw.* 180. 3 *Chitty Pl.* 244, *note* (*a.*)

It has been further argued, that though the defendants might have demurred to the replication, they were not

bound to do so; and that if they elected to rejoin, they were bound to answer the whole replication. This is not so, if one answer will cover the whole of the plaintiff's case, as would have been done by the plea that he prosecuted with effect.

In a declaration or replication, many things may be stated conjunctively, which would be improper in a plea or rejoinder.

2. The error on the other side, which has involved them in the consequences of a departure, was in pleading general performance of all the stipulations of the bond, instead of pleading specially that he had not replevied; and to require this, subjects the defendant to no hardship, because he must know, himself, how, and to what extent, he has performed his bond. Tne plea alleges that he prosecuted with effect, and the rejoinder is that he did not take possession, which does not sustain the plea, but is clearly a departure from it.

3. The objection to the plea is not only that each defence is an answer to the action, but that they are essentially repugnant and contradictory. There is no distinction between an appeal and replevin bond; in either case the condition is complied with, by prosecuting with effect, or abiding by and performing the judgment of the court in the premises.

STEPHEN, J., delivered the opinion of the court.

The questions which this case presents for adjudication are exclusively upon the pleadings, and are not free from difficulty. The object of the replevin bond is, no doubt, the indemnity of the defendant in the replevin suit; and all questions arising upon it should be determined by a due regard to that consideration.

The plaintiff in replevin binds himself to prosecute his suit with effect, and in case the property is adjudged to be restored to the defendant, he is bound to do so, or his bond is forfeited. In consequence of the property being restored

to him by virtue of the writ of replevin, he assumes upon himself, by his bond, this legal responsibility. In 7 *Taunt.* 103, GIBBS, Ch. J., in defining the legal effect and operation of a replevin bond, says,—"What is the cause of action?—The plaintiff distrains for rent on sheriff, who again takes the goods distrained out of the possession of the plaintiff, on entering into a bond in which two others join him; conditioned, if he shall appear and prosecute with effect; and if a return shall be adjudged, and he shall make return, then the bond shall be void. It is too clear to argue. He is bound to do both, as well to prosecute with effect as to make return, if it shall be adjudged; and if he omits to do either, the bond is forfeited, and he is liable to the penalty. The breach averred is, that sheriff did not make return, and inasmuch as it was necessary he should do both, the breach set out is good." In 11 *Serg. and Lowb.* 236, HALROYD, J., speaking of the obligations imposed by a replevin bond, says,—"The condition of the bond is broken, and the bond forfeited, as well by not prosecuting the suit with effect, as by a default of making a return of the distress, on such return being adjudged, each part of the condition being independent of the other, and the bond forfeited by a failure in either. The failure of prosecuting the suit with success is, we think, a failure of prosecuting the same with effect."

The pleas to a replevin bond, according to *British* precedents, where the party relies upon performance of its condition, are generally, if not entirely and exclusively, special. That is, the defendant pleads, either that he has prosecuted his suit with effect, and that no return thereof was adjudged. *Wills Rep.* 56. 7 *Wentworth,* 7. 1 *Bos. and Pul.* 410, 411. 12 *East.* 585.

The practice, however, in this state, has been to put in the plea of general performance, as was done in this case; but whether objectionable or not, could only be taken advantage of on special demurrer; and we do not mean to say that it was improperly pleaded. This plea rendered it

necessary for the plaintiff to show his cause of action in his replication, and to state the breaches of the condition of the bond upon which he intended to rely. He replied, that the defendant had not made a return of the goods or chattels, or any of them, and that he did not prosecute his writ of replevin with effect. To this replication, assigning a breach of both conditions of the bond, the defendant rejoined, that the goods and chattels mentioned in the replication were not replevied and delivered to him, under or by virtue of the writ of replevin in the replication mentioned, and that he did prosecute his suit of replevin with effect. To this rejoinder the plaintiff demurred specially, and assigned for causes of demurrer, duplicity, departure, and that the issue tendered by the plea of the non-delivery of the goods, under the writ of replevin, was an immaterial one.

We do not think that the rejoinder in this case was bad, or legally objectionable, on the ground of duplicity, even supposing that both the grounds of defence assumed by it were proper and legally efficient, because the double response in the defendant's rejoinder was only an answer to the breaches assigned in the plaintiff's replication. But we think that the defendant's rejoinder is bad in that part of it where he alleges, *that the goods and chattels mentioned in the replication were not replevied and delivered, under or by virtue of the writ of replevin.* Without deciding whether this averment contains matter which is a legal defence to the action or not, it is sufficient to say, that if it is a legal defence, it is so pleaded as to present an immaterial issue for the decision of the jury, whose verdict, if found for the defendant, would not have been decisive of the right of action, as a part of the goods might have been replevied and delivered, although the whole were not; and if the plea contained matter which was not a defence to the action, it was bad upon the demurrer, and the plaintiff was entitled to judgment. For these reasons we think the judgment of the court below ought to be reversed.

**JUDGMENT REVERSED, AND PROCEDENDO AWARDED.**